# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

MARTA SZOMOR-DHARMASIRI,

Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant.

Case No. 26-cv-3126 (LMP/DTS)

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

---

Marta Szomor-Dharmasiri, Pro Se, Plaintiff.

Laura R. Gurney, **Gurney Law Office, LLC, Woodbury, MN**, for Defendant.

Plaintiff Marta Szomor-Dharmasiri commenced this action in Minnesota state court, alleging that Defendant State Farm Fire and Casualty Company wrongfully denied insurance coverage for damages resulting from a fire at Szomor-Dharmasiri's home in April 2025. ECF No. 1-1. Szomor-Dharmasiri mailed the complaint to State Farm's counsel on May 29, 2026, which State Farm's counsel received on June 5, 2026. ECF No. 1 at 1. Szomor-Dharmasiri also mailed a copy of the summons to State Farm's counsel on June 1, 2026.[1] ECF No. 1 at 1. On June 29, 2026, State Farm removed this case to federal court, invoking the Court's diversity jurisdiction. *Id.* at 2–3. Szomor-Dharmasiri now moves to remand this case to state court. ECF No. 5.

---

[1] The Court expresses no opinion on whether this method of service was proper.

1

Szomor-Dharmasiri's various arguments for remand are unpersuasive, so that motion will be denied. Szomor-Dharmasiri first asserts that State Farm's notice of removal was "infirm" because it cited 28 U.S.C. § 1446(d), which, in Szomor-Dharmasiri's view, is a procedural statute that is "entirely inapplicable as a substantive basis for federal removal jurisdiction." ECF No. 6 at 3. Szomor-Dharmasiri fails to note that State Farm's notice of removal also cites 28 U.S.C. § 1441(a), which provides the substantive authority for removal to federal court. *See* ECF No. 1 at 2. More to the point, Szomor-Dharmasiri cites no authority to support her argument that citing 28 U.S.C. § 1446(d) in a notice of removal renders the removal "infirm." Rather, all a notice of removal must contain is a "short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), which is what State Farm has submitted, *see* ECF No. 1.

Szomor-Dharmasiri next asserts that federal-question jurisdiction is lacking. ECF No. 6 at 4. But State Farm does not invoke federal-question jurisdiction. *See* ECF No. 1. As for the jurisdictional authority that State Farm, an Illinois company, actually invokes—diversity jurisdiction—Szomor-Dharmasiri also asserts that such jurisdiction is lacking because her "original claim was $77,000," and only increased in value because of State Farm's misconduct. ECF No. 6 at 4. But even on Szomor-Dharmasiri's telling, her damages exceed $75,000. *See id.* That satisfies the amount-in-controversy requirement of diversity jurisdiction. 28 U.S.C. § 1332(a) (explaining that diversity jurisdiction is available "where the matter in controversy exceeds the sum or value of $75,000").

Next up is Szomor-Dharmasiri's argument that State Farm filed its notice of removal too late because the damages at issue here arose in April 2025, more than a year before

2

State Farm removed this case.  ECF No. 6 at 5.  A defendant must file a notice of removal within 30 days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b).  Contrary to Szomor-Dharmasiri's assertion, the clock for State Farm to seek removal did not start when she experienced her house fire.  Rather, it started on June 5, 2026, when State Farm received "a copy of the initial pleading setting forth the claim for relief."  *Id.*; *see* ECF No. 1 at 1.  That means that State Farm had until July 6, 2026, to remove this action to federal court.  *See* Fed. R. Civ. P. 6(a)(1).  State Farm's notice of removal, filed on June 29, 2026, fell well within the 30-day deadline prescribed by 28 U.S.C. § 1446(b).

Nor did State Farm violate 28 U.S.C. § 1446(c), which doesn't even apply to this case.  Section 1446(c)(1) contains a "one year" rule against removal, generally stating that a case which was not removable as initially pleaded but which became removable later cannot be removed more than one year after the case was commenced.  But this case was removable as initially pleaded, given the Court's diversity jurisdiction over this case.  And in any event, State Farm's notice of removal, which was filed less than a month after State Farm received the complaint, ECF No. 1 at 1, came well before "1 year after commencement of the action," 28 U.S.C. § 1446(c)(1).

Szomor-Dharmasiri finally contends that State Farm removed this case in bad faith, either to "bypass Minnesota's [arbitration] mandate" or to "make litigation cost-prohibitive."  ECF No. 6 at 2–3, 5.  Szomor-Dharmasiri does not explain why any purported "bad faith" on State Farm's part impacts the removal analysis or the Court's subject-matter

3

jurisdiction, nor does she cite to any relevant legal authority, so the Court need not address this argument. *See In re Vera T. Welte Testamentary Tr.*, 96 F.4th 1034, 1039 (8th Cir. 2024) (explaining that a court is "not obliged to consider" an "undeveloped argument").

Szomor-Dharmasiri finally requests attorney's fees and costs for bringing her motion for remand. ECF No. 6 at 6. Because the Court will not remand this case, that request is denied. 28 U.S.C. § 1447(c) (providing that an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal").

### ORDER

For these reasons, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Szomor-Dharmasiri's Motion to Remand (ECF No. 5) is **DENIED**.

Dated: August 4, 2026                    *s/Laura M. Provinzino*
                                         Laura M. Provinzino
                                         United States District Judge

4